**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SAMUEL MEDHANIE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. CIV-26-1570-SLP** |
| **v.** | ) | |
| | ) | |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Samuel Medhanie, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] Chief United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

---

1 Warden Fred Figueroa, the current Warden of the Diamondback Correctional Facility, is not a federal official and the Government did not file its response on his behalf. Doc. 7, at 1 n.1.

2 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

3 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Respondents filed a Response, Doc. 7, and Petitioner filed a reply, Doc. 9. So the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part and order Respondents to provide him with an individualized bond hearing within seven days or else release Petitioner.

## I. Factual background and procedural history.

Petitioner is a native and citizen of Eritrea. Doc. 1, Att. 4. He states he entered the United States on May 18, 2023. *Id.* The Government placed him into removal proceedings the next day and, at some point, released him on his own recognizance. *Id.* On July 6, 2023, Petitioner filed his application for asylum and withholding of removal. *Id.* He explains that during his parole he obtained a work authorization, he has no criminal history, he has attended all ICE check-ins, and has adhered to all of the Department of Homeland Security (DHS)'s release conditions. Doc. 1, Att. 2.

Petitioner states that Immigration and Customs Enforcement (ICE) detained him without notice on September 22, 2025, at a routine check-in. *Id.*

On March 2, 2026, an Immigration Judge (IJ) ordered Petitioner's removal. Doc. 1, Att. 4. Petitioner appealed and his case is still pending before the Board of Immigration Appeals. *Id.*; *see* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 18, 2026).

## II. Petitioner's claims.

Petitioner asserts in his petition that ICE "arbitrarily detained [him] in violation of [his] due process rights and the regulations governing [his] previous release." Doc. 1, Att. 2. He seeks his immediate release and "prevention from being redetained without being given proper notice or a chance to be heard." Doc. 1, at 7.

In their response, Respondents provide no more information about Petitioner but concede he is entitled to a bond hearing. Doc. 7. In reply, Petitioner requests this Court grant him "a proper bond hearing in front of a neutral" IJ or otherwise order Respondents to release him. Doc. 9.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner asserts ICE detained him without notice and he is entitled to release or a bond hearing. Docs. 1, 9. Respondents contend they are properly detaining Petitioner under § 1225(b)(2)(A). Doc. 7, at 1. But they acknowledge the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "compels a different outcome." *Id.*

Respondents released Petitioner into the country on his own recognizance and permitted him to reside in the interior of the country for years while he pursued his asylum application. ICE detained him during a routine check-in. "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of [8 U.S.C.] § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Court should thus conclude that Petitioner's present detention "is governed by § 1226(a), not § 1225(b)[]." *Id.; cf. Santillan Quiroz*, 180 F.4th at 1240 ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Respondents assert that any relief the Court grants should be "limited to ordering a bond hearing within seven days." Doc. 7, at 1. The undersigned agrees a bond hearing under § 1226(a) is the proper remedy. *See e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhono*v, 2026 WL 1865418, at *3. Here, the Government has not provided Petitioner with an individualized custody determination since his re-detention. Doc. 9; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also* *Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No.

CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days or else release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within seven days or else release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the

Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 26, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[4] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 19th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").