**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SAMUEL MEDHANIE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1570-SLP |

**O R D E R**

Petitioner, Sameul Medhanie, appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Suzanne Mitchell [Doc. No. 10]. The Magistrate Judge recommends that the Court grant the Petition, in part, and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven (7) days or, in the alternative, for Respondents to release Petitioner from custody. *See* R&R [Doc. No. 10] at 6. The Magistrate Judge advised the Parties of their right to object to the R&R and directed that any objections be filed on or before August 26, 2026. *Id.* at 7. The Parties were further advised that any failure to object would waive the Parties' right to appellate review of the factual and legal issues addressed in the R&R. *Id.* Neither party has filed an objection, nor has an extension of time in which to object been sought or granted. Therefore, the Court finds that the Parties have waived further review of all issues addressed in the R&R. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

Upon review, the Court concurs with the analysis set forth in the R&R. Accordingly, § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing, before an immigration judge, pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.[1]

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on September 3, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[2]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

---

[1] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.

[2] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").

IT IS SO ORDERED this 27th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**